**George SUMMERVILLE, Petitioner-Appellant,**

v.

**Thomas D. COOK, Superintendent, Mississippi State Penitentiary, Respondent-Appellee.**

**No. 30619**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Feb. 16, 1971.

See also D.C., 311 F.Supp. 931.

George Summerville, pro se.

A. F. Summer, Atty. Gen. of Miss., Guy N. Rogers, Velia Ann Mayer, G. Garland Lyell, Jr., Asst. Attys. Gen., Jackson, Miss., for respondent-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

George Summerville, a prisoner of the State of Mississippi, has appealed from the district court's denial of his petition for habeas corpus. We affirm.

The appellant is confined by authority of a sentence for burglary which resulted from his conviction upon trial by jury. The judgment was affirmed on direct appeal without written opinion. Summerville v. State, Miss.1970, 232 So. 2d 374.

In his federal habeas petition the appellant alleged that he was denied several rights, such as not being advised of his rights nor allowed to use the telephone. These matters would be relevant

---

\* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

only if the appellant had made a confession, which in fact he did not do.

Appellant also alleged that whereas the indictment charged him with burglary, he was actually tried for safecracking and grand larceny. Insufficiency of evidence is not grounds for federal relief. Fulford v. Dutton, 5th Cir. 1967, 380 F.2d 16, 17. Moreover, the transcript in the record shows that the state presented at least prima facie proof of Summerville's guilt of the burglary.

We also agree with the district court's conclusion that there is no merit to appellant's allegation of inadequate representation of counsel. Appellant failed to allege facts which would indicate that his court-appointed counsel was so ineffective as to entitle him to federal habeas relief. The transcript of testimony of the state's chief witness shows that she was vigorously and ably cross-examined by defense counsel; and another court-appointed counsel filed an able brief upon the direct appeal.

Finally, the appellant contends that the testimony of the chief prosecution witness, Mrs. Carmen Dykes, was perjured. This, he avers, is proved by Mrs. Dykes' subsequent testimony at the later trial of her brother, which resulted in acquittal. The respondent filed in the court below the transcripts of Mrs. Dykes' testimony at the two trials. On the basis of these transcripts, the district court held that there was no substantial discrepancy as to any of the material facts as to which Mrs. Dykes testified at Summerville's trial. Assuming that this contention presents a constitutional question (which we do not decide) we agree generally with the district court's views.

We find no error in the denial of habeas corpus relief without an evidentiary hearing and affirm the judgment of the trial court.

Affirmed.